■ RAYMOND B. NORTON, Individually and on Behalf of the Estate of ILO N. NORTON, Deceased, Appellant, v MARINE MIDLAND TRUST COMPANY OF SOUTHERN NEW YORK, as Executor and Trustee of RAY B. NORTON, Deceased, et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered October 23, 1978 in Broome County, which granted defendants' motion to remove an action to Broome County Surrogate's Court and to extend defendants' time to answer. The last will and testament of Ray B. Norton, who died on December 9, 1957, established a trust for his wife for her lifetime with their two children, Raymond, the plaintiff herein, and Walter, the defendant, as remaindermen. The Marine Midland Trust

Company of Southern New York was designated trustee. The decedent's wife died testate on June 20, 1977, leaving all of her property to her two children, Raymond and Walter. On February 16, 1978, plaintiff, individually and on behalf of his mother's estate, commenced an action in the Supreme Court against his brother, Walter, both individually and in his capacity as executor of his mother's estate, and Marine Midland, as trustee under the terms of his father's will, contending that the defendants conspired to defraud him when, in 1958, the bank, as trustee, leased certain realty which was part of the trust created by the will of their father, to Walter at a rental that was far below the fair market value of the property in 1958 and, further, that the rent remained unchanged for the following two decades despite marked increases in market rental values over that period. On February 28, 1978, plaintiff filed a petition in the Broome County Surrogate's Court to compel an accounting in his mother's estate. By petition to account, filed March 16, 1978, Walter, as the executor of Mrs. Norton's estate, instituted a proceeding in Surrogate's Court for the settlement of his accounts and for discharge. On May 15, 1978, proceedings were initiated in Surrogate's Court for a final accounting of the trusts created by the will of Ray Norton, the father of the litigants. On June 19, 1978, plaintiff moved for an adjournment of the return date in the trust accountings until a final determination could be reached in the Supreme Court action. Marine Midland, as defendant trustee, together with Walter, the individual defendant, cross-moved to transfer the Supreme Court action to Surrogate's Court. The cross motion was granted by Special Term and this appeal ensued. The Supreme Court is empowered to transfer a case to the Surrogate's Court "Where [the] action pending in the supreme court affects the administration of a decedent's estate which is within the jurisdiction of the surrogate's court" (CPLR 325, subd [e]). Since a petition for a final accounting was pending in Surrogate's Court in the estate of Mrs. Norton and, likewise, a petition for an accounting of the trusts created by the will of Ray Norton was also pending in the same court at the time the cross motion for transfer was made, it inexorably follows that Surrogate's Court had jurisdiction of both estates and, further, that the outcome of the transferred actions will affect the administration of each estate. Next, since both Marine Midland and Walter Norton were representatives in the accounting proceedings in Surrogate's Court, as well as parties defendant in the Supreme Court action, there existed additional grounds for transfer. The other reasons advanced for reversal are specious and require no comment. Order affirmed, with costs to respondent Marine Midland Trust Company of Southern New York. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.